AMELIA MURPHY, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

WILLIAM CHAMBERS, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

1. Upon trials for the offense of bigamy, and for marrying another man's wife, proof of the previous marriage, in fact, is sufficient without the production of the license from the Ordinary, or evidence that the person executing the same was an ordained minister of the gospel.

2. This Court can only pass upon judgments rendered by the Court below.

Criminal law.   Bigamy.   Evidence.   Practice in the Supreme Court.   New trial.   Before Judge HOPKINS.   Clayton Superior Court.   March Term, 1873.

The foregoing cases were argued and decided together.   To the bill of exceptions in each are attached various affidavits, which would seem to be the basis of motions for new trials on account of newly discovered evidence.   But the records disclose no such ground as taken or passed upon by the Court.

The remaining facts appear in the decision.

A. W. HAMMOND & SON; SPEER & STEWART; J. L. DOYAL; W. L. WATERSON, for plaintiffs in error.

JOHN T. GLENN, Solicitor General, for the State.

WARNER, Chief Justice.

Amelia Murphy was indicted for the offense of bigamy, and William Chambers was indicted for the offense of marrying another man's wife.   Both were found guilty, and a motion for a new trial in each case was made, on the grounds set forth

in the respective motions therefor, which were overruled, and the defendants excepted.

1. Both cases were argued together before this Court, and the only question made was whether Amelia Murphy was a lawful married woman at the time Chambers married her. The marriage of Amelia and Jack Murphy was proved by witnesses who were present at their marriage, and that they were married by a preacher and minister of the gospel, who said he had a license to marry them, but no license was produced or offered in evidence. It is insisted that, in order to prove a legal marriage of the parties a license from the Ordinary should have been proven at the trial, and that the minister who married them was an ordained minister of the gospel. In *Cook vs. The State*, 11 *Georgia Reports*, 54, this Court held that in prosecutions for bigamy, adultery, or incestuous adultery, that the admissions of a defendant as to the fact of his marriage were admissible in evidence, and that it was not necessary to prove a marriage in fact. In that case, the point was made that the marriage should be proved by the record of the license and return thereon. In this case, the marriage is not proved by the admissions of the defendant, but a marriage in fact is proved by the witnesses who were present at the time it took place. On the authority of *Cook vs. The State*, the marriage of Amelia and Jack Murphy was a lawful marriage, according to the evidence, without proof of the license from the Ordinary. The 1708th section of the Code declares that a marriage, valid in other respects, and supposed by the parties to be valid, shall not be affected by a want of authority in the minister, or Justice, to solemnize the same.

2. The record does not show that a motion was made in the Court below for a new trial on the ground of newly discovered evidence, or that the Court rendered any judgment as to that ground, in either case. The verdict in both cases being right, under the law and the evidence, the motion for a new trial in each case was properly overruled.

Let the judgment of the Court below, in both cases, be affirmed.